IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 05-cv-01617-CBS-PAC

MARVIN WOLF AND JUDI WOLF,
    Plaintiffs,
v.

GERHARD INTERIORS, LTD., a California corporation, d/b/a GERHARD DESIGN GROUP and GERHARD LARSON DESIGN GROUP,
    Defendant.

_____

MEMORANDUM OPINION AND ORDER
_____

This matter comes before the court on Defendant's Motion to Transfer Venue dated September 16, 2005. The court has reviewed Plaintiffs' Opposition to Motion to Transfer Venue filed September 30, 2005, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.    Procedural Background

Plaintiffs, Marvin and Judi Wolf, (Wolfs) filed this civil action in the District Court of Arapahoe County, Colorado on July 20, 2005. On August 5, 2005 the Wolfs filed an Amended Complaint in the District Court of Arapahoe County. On August 19, 2005, Defendant Gerhard Interiors, Ltd. d/b/a Gerhard Design Group and Gerhard Larson Design Group (Gerhard) filed a Notice of Removal based upon complete diversity. On September 16, 2005, Gerhard filed a Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). On September 20, 2005, Gerhard filed an Answer to the Amended

1

Complaint as well as a Counterclaim against the Wolfs. An Order of Reference pursuant to 28 U.S.C. § 636 (c) was issued on September 26, 2005 assigning the case to the Magistrate Judge. On September 30, 2005 the Wolfs filed their Opposition to the Motion to Transfer Venue.

II.   Factual Background:

The Wolfs are Colorado residents. (Plaintiffs' Opposition to Motion to Transfer Venue ¶ 1, 2). Gerhard is a California corporation with its principal place of business in San Diego, California. (Plaintiffs' Opposition to Motion to Transfer Venue ¶ 1, 2); *see also*, (Defendant's Motion to Transfer Venue at 1). The contract entered into between the Wolfs and Gerhard was for design services on the Wolfs' Englewood home. (Plaintiffs' Opposition to Motion to Transfer Venue ¶ 3). During construction of the Wolfs' Englewood home, several of Gerhard's employees traveled to Colorado in connection with Gerhard's design services. (M. Wolf Aff. ¶ 8).

III.   Analysis

28 U.S.C. § 1404 presupposes that the present case was originally filed in the correct venue. Neither the Wolfs nor Gerhard argues that this Court does not have proper jurisdiction over the case. Instead, Gerhard argues that the case should be transferred under 28 U.S.C. § 1404(a). Section 1404(a) states "[t]hat for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

brought." 28 U.S.C.A. § 1404(a).

Section 1404(a) is intended to "[p]lace discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' " *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612 (1964)). Unless the balance is strongly in the favor of the movant, the original choice of forum by the Plaintiffs should rarely be disturbed by the court. *Knapp v. Romer*, 909 F. Supp. 810, 813 (D. Colo.1995). Shifting the inconvenience from defendants to plaintiffs, by itself, is not a permissible justification for granting a motion to transfer venue. *Scheidt v. Klein,* 956 F.2d 963, 966 (10th Cir.1992). As the moving party, Gerhard carries the burden of proving that (1) the action could have been brought in the alternate forum, (2) the existing forum is inconvenient, and (3) the interests of justice are better served in the alternate forum. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir.1991) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)).

1.   The action could have been brought in the alternate forum

The first prong of the transfer of venue analysis is whether or not the action could have been brought in the alternate forum. *Chrysler Credit Corp.*, 928 F.2d at 1515. The Wolfs concede that the present action could have been brought in the alternate forum. (Defendant's Motion to Transfer Venue at 3); *see also*, (Wolfs' Opposition to Motion to Transfer Venue at 4).

2.   Convenience of existing forum

The second prong of the transfer of venue analysis is whether or not the present forum is inconvenient. *Chrysler Credit Corp.*, 928 F.2d at 1515. With regard to inconvenience the Court considers the following factors:

> plaintiff's choice of forum; accessibility of witnesses and other sources of proof, including availability of compulsory process to insure attendance of witnesses; cost of making necessary proof; questions as to enforceability of judgment if one is obtained; relative advantages and obstacles to fair trial; difficulties that may arise from congested dockets; possibility of existence of questions arising in area of conflicts of laws; advantage of having local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious, and economical.

Id at 1516. In the present case witnesses and documents relevant to the litigation are located in both Colorado and California. (Wolfs' Opposition to Motion to Transfer Venue at ¶ ¶ 12, 13); *see also*, (Defendant's Motion to Transfer Venue at 5).

Regarding convenience, Gerhard argues (A) out-of-state witnesses will be inconvenienced because they will have to travel to Colorado and (B) the documents needed to litigate the present case have been "stolen" from Gerhard by Mr. Larson and can only be acquired through subpoena by the District Court for the Southern District of California. (Defendant's Motion to Transfer Venue at 5). Gerhard's affidavit in support of these arguments must provide the "...substance of [witness] evidence..." *Chicago, R.I. & P.R. Co. v. Hugh Breeding, Inc.*, 232 F.2d 584, 588 (10th Cir. 1956).

      a.     Witnesses

Gerhard's affidavit in support of the Motion to Transfer Venue neither gives a description of the witnesses' testimony nor asserts that any of the witnesses, with the exception of Mr. Larson, are unwilling or would be significantly inconvenienced by traveling to Colorado. (Gerhard Aff. ¶ 9). In his affidavit supporting his Motion to Transfer Venue, Gerhard listed nine witnesses, including himself, who reside outside Colorado. (Gerhard Aff. ¶ 9). Several of the out-of-state witnesses, whom Gerhard asserts will be inconvenienced, are Gerhard's employees. (Gerhard Aff. ¶ 9); *see also*, (Plaintiffs' Opposition to Motion to Transfer Venue at 8). The Wolfs listed thirty-three witnesses in their rule 26(a)(1) disclosures. (Plaintiffs' Federal Rule of Civil Procedure 26(a)(1) Disclosures). Twenty-six of the Wolfs' witnesses reside in Colorado. Id. The remaining seven witnesses are out-of-state witnesses. Id. Three of the out-of-state witnesses are Gerhard's employees and reside in California. Id. The last four out-of-state witnesses are not California residents. Id. None of the thirty-three witnesses listed by the Wolfs are the Wolfs' employees. Id.

Because the out-of-state witnesses listed in Gerhard's Motion to Transfer Venue are Gerhard's employees, Gerhard could procure their appearance before this Court. (Gerhard Aff. ¶ 9); *see also*, (Wolfs' Opposition to Motion to Transfer Venue at 8). Conversely, the Wolfs categorically do not have the same persuasive power over any of the out-of-state witnesses; because none of the thirty-three witnesses are the Wolfs' employees. (Plaintiffs' Federal Rule of Civil Procedure 26(a)(1) Disclosures).

Because Gerhard's affidavit does not provide the substance of the witnesses evidence and the majority of the out-of-state witnesses are Gerhard employees, the Court is unconvinced by Gerhard's assertions that witnesses would be inconvenienced. *Scheidt,* 956 F.2d at 966 (lack of description of the relative materiality of witness testimony resulted in court's finding that affidavit was insufficient as a basis for change in venue).

As to Mr. Larson's role as a witness, it is true that this Court's subpoena power does not extend to San Diego, California.[1]  Therefore, this Court does not have the requisite subpoena power to compel Mr. Larson to appear in Colorado.  Irrespective of this Court's subpoena power over Mr. Larson, the fact remains that Gerhard's assertion that Mr. Larson will not appear before this Court, at this juncture in the litigation, is purely speculative.  Gerhard's assertions do not suffice as a foundation to support a transfer.  *Scheidt,* 956 F.2d at 966.

b.    Documents

Gerhard argues that the documents needed to litigate this case have been "stolen" by Mr. Larson and a subpoena will be needed to gain access to these documents. (Defendant's Motion to Transfer Venue at 5).  Gerhard argues that because this Court cannot compel Mr. Larson to produce the documents, the Court

---

[1] It is also true that the District Court for the Southern District of California will not have the requisite subpoena power over the thirty-three Coloradan witnesses the Wolfs listed in their  Rule 26(a)(1) disclosures.  (Plaintiffs' Federal Rule of Civil Procedure 26(a)(1) Disclosures).

should grant the Motion to Transfer Venue so that the case may be transferred to a venue where Mr. Larson can be compelled to produce the "stolen" documents. Id.

However, Gerhard does not list, describe, or in any way identify for the Court the documents in question. (Gerhard Aff. ¶ 9). In fact, Gerhard concedes that the accounting data, a scale model, and other documents are still located at Gerhard's studio. (Defendant's Motion to Transfer Venue at 6). Without an affidavit that adequately describes the stolen documents and their materiality the Court does not find Gerhard's argument persuasive, only speculative.   Unsupported assertions do not merit a transfer of venue.  *Scheidt,* 956 F.2d at 966.

### 3.   Interest of Justice

Gerhard argues the interests of justice will be better served with a transfer of venue because the documents necessary to litigate the present case are too voluminous to transport. (Defendant's Motion to Transfer Venue at 5). The Court finds Gerhard's document volume argument unpersuasive. As already stated in the preceding sections of this order, Gerhard's affidavit does not include sufficient detail regarding the documents to support a transfer of venue.

## IV.   Conclusion

Transfer of venue is not warranted for three reasons. First, parties and witnesses, especially those who are Gerhard's employees, will not be overly inconvenienced. Second, Gerhard's argument that he cannot litigate the present case

in Colorado because Mr. Larson stole the documents necessary to litigate this case, is undercut by his concession that he is in possession of some of the information.  Third, Gerhard's argument that the documents necessary to litigate this case are too voluminous to transport to Colorado, is speculative at best in light of the fact that Gerhard at present does not possess some of the records.  Gerhard's affidavit did not provided the requisite detail regarding witness materiality, evidence materiality, or volume of evidence.  Consequently, Gerhard has not met the burden of proof placed upon the movant.  Therefore the Wolfs' choice of forum will not be disturbed.

Accordingly, IT IS ORDERED that Defendant's Motion to Transfer Venue (filed September 16, 2005) (doc. # 13) is DENIED.

Dated at Denver, Colorado, this 17th day of November, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge